# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TASHEBA M. ADKINSON,
No. R-90394,

    Petitioner,

v.

                              No. 3:16-cv-01299-DRH

MAGGIE BURKE

    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Tasheba M. Adkinson, an inmate in the custody of the Illinois Department of Corrections and currently housed at Logan Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging an Illinois state court conviction. The Petition was filed on December 2, 2016.

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After

carefully reviewing the Petition in the present case, the Court concludes that the § 2254 petition warrants further review.

## Background

In August 2013, the State of Illinois charged Petitioner with one count of unlawful possession of a weapon by a felon (720 ILCS 5/24–1.1(a) (West 2012)) (Champaign County Case No. 2013-cf-001379), alleging she, having been convicted of a felony in Texas, knowingly possessed a firearm. *People v. Adkinson*, 2015 IL App (4th) 131110-U. Petitioner pleaded not guilty. *Id.* In November 2013, a jury found Petitioner guilty of unlawful possession of a weapon by a felon. (Doc. 1, p. 1). Petitioner was sentenced to eight years in prison on December 18, 2013. *Id.*

Petitioner pursued a direct appeal of her conviction. *People v. Adkinson*, 2015 IL App (4th) 131110-U. On July 9, 2015, the Illinois Appellate Court issued an order affirming in part and vacating in part. *Id.* Petitioner alleges that she sought leave from the Illinois Supreme Court on direct appeal (reportedly dismissed on September 29, 2015)(the case number Petitioner provides with respect to her appeal to the Illinois Supreme Court is 4-13-11104, which is closely related to the case number for Petitioner's appeal with the Illinois Appellate Court (4-13-1110)) and filed a petition for certiorari in the United States Supreme Court (Petitioner lists a "result" date of January 21, 2016) (the case number Petitioner provides with respect to her petition for certiorari is 2013-cf-001379, the Champaign County case number for her underlying conviction).

(Doc. 1, p. 3). Plaintiff also indicates that she has filed a number of motions seeking post-conviction relief with the circuit court and that these motions have been denied as frivolous and incoherent. (Doc. 1, pp. 5-6).

## Analysis

The present petition appears to be Petitioner's first attempt to seek relief via federal habeas corpus mechanisms.[1] Petitioner raises arguments under § 2254(d)(1) and (2), alleging that: (1) the State failed to prove her guilty beyond a reasonable doubt; (2) the circuit clerk improperly imposed certain fines against her; (3) she had ineffective counsel; and (4) her conviction is contrary to federal law. Further review of the petition is necessary. For this reason, Respondent will be ordered to answer the Petition or otherwise file a responsive pleading.

This Order should not be construed as a decision regarding the merits of any of the counts asserted in the Petition. In addition, the Order does not preclude the State from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, etc. Petitioner alleges that she pursued many avenues of post-conviction relief. However, her case chronology is not entirely clear and leaves the Court with some questions regarding exhaustion as to each claim asserted and timeliness.

---

[1] Petitioner filed pleadings in the Central District of Illinois that were docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *Adkinson v. Burke*, 2:16-cv-02324-CSB (Doc. 1) (October 144, 2016). The pleadings were related to Petitioner's underlying criminal conviction and were intended for use in Illinois state court. The district court concluded the pleadings had been mistakenly filed and directed the Clerk to close the case.

## Pending Motions

Petitioner's Motion to Appoint Counsel (Doc. 3) and Motion to Suppress Evidence (Doc. 8) shall be **REFERRED** to United States Magistrate Judge **CLIFFORD J. PROUD** for a decision.

To the extent that Service of Process is now ordered on the Illinois Attorney General, the Motion for Service of Process (Doc. 4) is hereby **GRANTED**.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the Petition within thirty days of the date this Order is entered. This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (Doc. 3) and Motion to Suppress Evidence (Doc. 8) are **REFERRED** to Magistrate Judge Clifford J. Proud for consideration.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 2nd day of May, 2017.

Judge Herndon
2017.05.02
04:49:58 -05'00'

**UNITED STATES DISTRICT JUDGE**